**ELECTRONICALLY FILED**
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No.:   3:17-CV-58-CRS |
| | ) |
| LINDA DILLON and | ) |
| | ) |
| Serve:  9106 Nottingham Parkway | ) |
| Louisville, KY 40222 | ) |
| | ) |
| Courtesy Copy To:   Kevin Ford | ) |
| Ford Law Office | ) |
| 161 St. Matthews Ave. | ) |
| Suite 14 | ) |
| Louisville, KY 40207 | ) |
| | ) |
| BRIGID DILLON | ) |
| | ) |
| Serve:  204 Marian Drive | ) |
| Louisville, KY 40218 | ) |
| | ) |
| Courtesy Copy To:   Daniel Oyler | ) |
| Parrent & Oyler | ) |
| First Trust Centre | ) |
| 200 South Fifth Street | ) |
| Suite 610 North | ) |
| Louisville, KY 40202 | ) |
| | ) |
| Defendants | ) |

\* \* \* \* \* \*

## **COMPLAINT IN INTERPLEADER**

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel, and for its Complaint in Interpleader against the Defendants, Linda Dillon and Brigid Dillon, hereby states as follows:

1

## PARTIES

1.      MetLife, at all relevant times hereinafter mentioned, is an insurance company organized and existing under and by virtue of the laws of the State of New York with its principal place of business in New York, New York. It is duly licensed to do business in the Commonwealth of Kentucky.

2.      Upon information and belief, Defendant Linda Dillon is the spouse of Owen Dillon (the "Decedent"), and the stepmother of Brigid Dillon, and she resides in Louisville, Kentucky.

3.      Upon information and belief, Defendant Brigid Dillon is the daughter of the Decedent, and she resides in Louisville, Kentucky.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction pursuant to 29 U.S.C. § 1132 (e) (1) and 28 U.S.C. § 1331, because the action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*  Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

5.      Venue is proper pursuant to 29 U.S.C. § 1132 (e) (2), 28 U.S.C. §1397, and 28 U.S.C. § 1391 (b), because the Defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

6.      The Decedent, an employee of General Electric Company, was a participant in the General Electric Company Life Insurance Benefit Plan (the "Plan"), an ERISA-regulated employee welfare benefit plan sponsored by General Electric Company and funded by a group

2

life insurance policy issued by MetLife. (A true and correct copy of the pertinent pages of the Plan document are attached hereto as Exhibit A).

7.     MetLife, as claim fiduciary for the Plan, must administer claims in accordance with ERISA and the documents and instruments governing the Plan.

8.     ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

9.     The Plan establishes, at page 10.5, the right of the Plan participant to name anyone as his or her beneficiary at any time. *See* Exhibit A.

10.     The most recent beneficiary designation form on file with the Plan is dated July 14, 2016 (the "2016 Designation") and designates Linda Dillon for 75% of the Plan benefits and Brigid Dillon for 25% of the Plan benefits. (A true and correct copy of the 2016 Designation is attached hereto as Exhibit B).

11.     The next most recent beneficiary designation on file with the Plan is dated July 20, 2000 (the "2000 Designation") and designates Brigid Dillon for 100% of the Plan benefits. (A true and correct copy of the 2000 Designation is attached hereto as Exhibit C).

12.     The Decedent died on July 21, 2016. (A true and correct copy of the death certificate is attached hereto as Exhibit D).

13.     At the time of his Death, the Decedent was enrolled under the Plan for Group Universal Term Life in the amount of ONE HUNDRED SIXTY-FOUR THOUSAND FIVE HUNDRED EIGHT and 00/100 DOLLARS ($164,508.00) (the "Plan Benefits"). The Plan Benefits became payable to the proper beneficiary or beneficiaries upon the Decedent's death, per the terms of the Plan.

14.     Linda Dillon completed a Claimant's Statement on August 23, 2016.  (A true and correct copy of the Claimant's statement is attached hereto as Exhibit E).

15.     By letter dated August 26, 2016, Bridget Dillon contested the 2016 Designation alleging that said Designation was changed just prior to the Decedent's death while the Decedent was under the care of Linda Dillon and heavily medicated.  Her letter further alleged that the Decedent was threatened and/or coerced by Linda to name her as the primary beneficiary. (A true and correct copy of the letter is attached hereto as Exhibit F).

16.     By letter dated October 13, 2016, Daniel Oyler of the Law Office of Parrent & Oyler, notified MetLife of the firm's representation of Brigid Dillon and the Plan to engage in negotiations to resolve this matter to avoid litigation. (A true and correct copy of the letter is attached hereto as Exhibit G).

17.     On January 12, 2017, Brigid Dillon was paid the uncontested portion or 25% of the Plan Benefits in the amount of $41,127.00.  (A true and correct copy of the Claim Payment Overview list is attached hereto as Exhibit H).  The unpaid 75% of the Plan Benefits, or $123,381.00 (the "Remaining Plan Benefits"), are at issue in this action.

18.     MetLife cannot determine whether a court would find that the 2016 Designation is valid.

19.     If a court were to determine that the 2016 Designation is valid, then the Remaining Plan Benefits would be paid to Linda Dillon based on the 2016 Designation.

20.     If a court were to determine that the 2016 Designation is invalid, then the Remaining Plan Benefits would be paid to Brigid Dillon based on the 2000 Designation.

21.    By letter dated September 22, 2016, MetLife advised the Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing itself and the Plan to the danger of double liability. MetLife gave Defendants an opportunity to try and resolve this matter in order to preserve the Remaining Plan Benefits from litigation costs and fees.   Upon information and belief, no agreement has been reached as of the filing of this Complaint.   (A true and correct copy of the September 22, 2016 letter is attached hereto as Exhibit I).

22.    As a mere stakeholder, MetLife makes no claim to the Remaining Plan Benefits other than payment of its reasonable attorney's fees and costs in connection with this action. MetLife therefore respectfully requests that this Court determine to whom the Remaining Plan Benefits should be paid.

23.    MetLife is ready, willing, and able to pay the Remaining Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

24.    MetLife will deposit into the Registry of the Court the Remaining Plan Benefits, plus any applicable interest due and owning under the terms of the Plan, but minus its fees and costs, for disbursement in accordance with the Judgment of this Court

WHEREFORE, Plaintiff demands judgment as follows:

(i.)    Restraining and enjoining the Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States Court against MetLife, General Electric Company, or the Plan for recovery of the Remaining Plan Benefits plus any applicable interest, by reason of the death of the Decedent.

(ii.)    Requiring that Defendants litigate or settle and adjust between themselves their claim for the Remaining Plan Benefits, or upon their failure to do so, that this Court settle and

5

adjust their claims and determine to whom the Remaining Plan Benefits, plus any applicable interest, minus fees and costs, should be paid;

(iii.)   Permitting MetLife to pay into the Registry of the Court the Remaining Plan Benefits, plus any applicable interest, but minus fees and costs, and upon such payment dismissing MetLife with prejudice from this action, and discharging MetLife, General Electric Company and the Plan from any further liability upon payment into the Registry of this Court, or as otherwise directed by this Court;

(iv.)   Awarding such other further relief, including attorney's fees and costs, to which MetLife is entitled in law or equity, as this Court deems just and proper.

Dated: January 30, 2017

Respectfully submitted,

/s/  Angela Logan Edwards
Angela Logan Edwards
DINSMORE & SHOHL LLP
101 South Fifth Street, Suite 2500
Louisville, KY  40202
(502) 581-8017
Fax:  (502) 581-8111
angela.edwards@dinsmore.com
*Counsel for MetLife*